UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MESA VALLEY HOUSING
ASSOCIATES II LIMITED
PARTNERSHIP,

           Plaintiff,

       -v-                    5:24-CV-790

RED LOBSTER INTERMEDIATE
HOLDINGS LLC,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

LEMERY GREISLER LLC       PETER M. DAMIN, ESQ.
Attorneys for Plaintiff
677 Broadway, 8th Floor
Albany, New York 12207

DAVID N. HURD
United States District Judge

## ORDER GRANTING DEFAULT JUDGMENT

## I. INTRODUCTION

This is a breach-of-contract action. Plaintiff Mesa Valley Housing Associates II Limited Partnership ("plaintiff") is an Arizona limited partnership who is the owner, landlord, and lessor of real property located at 2965 Erie Boulevard East in Syracuse, NY (the "Property"). Dkt. No. 1.

According to the verified complaint, on or about May 6, 2019, Red Lobster Hospitality LLC ("lessee" or "Red Lobster") entered into a lease agreement (the "Lease") with landlord Spirit Master Funding IX, LLC ("Spirit Master") whereby Red Lobster leased the Property.  Dkt. No. 1.  Plaintiff also executed a Guaranty Agreement (the "Guaranty") whereby Red Lobster Intermediate Holdings LLC ("defendant") agreed to serve as the guarantor with respect to the Lease.  After entering into the Lease, Spirit Master sold the property to plaintiff who assumed all rights, title, and interests that Spirit Master held with respect to the Lease.

Thereafter, lessee defaulted under the Lease by failing to pay rent due on November 1, 2023 and each month thereafter.  On February 29, 2024, plaintiff issued lessee a Notice of Default that allowed plaintiff five (5) days to cure the default.  Lessee failed to timely cure the default.  Then, on April 26, 2024, plaintiff demanded that lessee pay all past due rent by way of a 14-Day Notice to Pay Rent or Quit (the "Notice").  The lessee proceeded to: (1) fail to pay rent due on May 1, 2024; and (2) fail to pay quarterly county and city/school real estate taxes.  On May 17, 2024, lessee returned Plaintiff the keys to the property indicating they were surrendering possession.  Ultimately, lessee, along with various other related debtors, filed for Chapter 11 bankruptcy protection.  According to the complaint and the exhibits

therein, defendant was not a debtor with respect to that action and therefore plaintiff was entitled to commence this action.

Plaintiff filed this civil action on June 20, 2024. Dkt. No. 1. Plaintiff brings three claims for: (1) Despite being served, Dkt. No. 5, defendant failed to answer or appear to defend this action. Thereafter, plaintiff sought the entry of default, Dkt. No. 9, which the Clerk of the Court certified and approved on August 27, 2024. Dkt. No. 10.

On November 25, 2024, plaintiff moved under Rule 55 of the Federal Rules of Civil Procedure for default judgment. Dkt. No. 10. Despite being served, Dkt. No. 16, defendant has failed to appear or respond to plaintiff's motion. The time in which to do so has expired. Accordingly, plaintiff's motion will be considered on the basis of the submissions without oral argument.

## II.  LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment against a defaulting party. FED. R. CIV. P. 55(a)–(b). The first step is to obtain an entry of default from the Clerk of the Court. FED. R. CIV. P. 55(a). The second step is to seek a default judgment, which must ordinarily be reviewed by the court unless the claim is for a sum certain. FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed an admission of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d

155, 158 (2d Cir. 1992). But it is not an admission of damages. *Id.* And "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up). "[T]he quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *New York State Teamsters Conf. Pension & Ret. Fund by Bulgaro v. Yank Waste Co., Inc.*, 2024 WL 4284647, at *4 (N.D.N.Y. Sept. 25, 2024) (quoting *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). But "[e]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Id.* (quotation omitted).

## III. DISCUSSION

Upon review of plaintiff's evidentiary submissions and based on the well-pleaded allegations in the complaint, the motion for default judgment will be granted for substantially the reasons set forth in plaintiff's memorandum of law. *See* Dkt. Nos. 14, 15.

### A. Liability

First, the allegations in the complaint are sufficient to establish that defendant breached the Guaranty. *See, e.g.*, *Keybank Nat'l Ass'n v. Nour Limo, Inc.*, 345 F.R.D. 555, 563 (E.D.N.Y. 2024) (citations omitted) ("Under

New York law, the elements of a claim for breach of guarantee are: (1) an absolute and unconditional guaranty, (2) the underlying debt, and (3) the guarantor's failure to satisfy the unpaid debt.").

Plaintiff alleges that it is owed a debt by lessee when lessee breached the lease.  Compl. ¶ 40.  Plaintiff further alleges that defendant "unconditionally and irrevocably guaranteed" payment and performance of lessee's obligations and sums due under the lease.  *Id.* ¶ 53.  Finally, plaintiff alleges that to date, neither lessee nor defendant have paid this debt despite plaintiff's demands.  *Id.* ¶ 24.  Therefore, plaintiff has established defendant's liability for breach of guaranty.

### B. Damages

Next, plaintiffs' memorandum of law establishes that the categories of damages being sought are recoverable.  Plaintiff is seeking two forms of damages: (1) past due base monthly rent and additional rent due and under the Lease; and (2) discounted present value of rent that will become due until the end of the lease term.  Compl. ¶¶ 45–52, 63–72; Pl.'s Mem., Dkt. No. 15 at 19–26.

1. Past Due Base Monthly Rent and Additional Rent

Plaintiff is seeking a judgment in the amount of $156, 875.88 in past due base monthly rent, late charges, default interest rate, and additional rent due and owing under the Lease against defendant.  Compl. ¶¶ 45–52; Pl.'s Mem.

- 5 -

at 19–20.  Plaintiff alleges that defendant breached the Lease by failing to pay the base monthly rent for the months of November 2023, December 2023, January 2024, February 2024, March 2024, April 2024 and May 2024. Compl. ¶ 44.  Plaintiff further alleges that, per the Lease, they are entitled to impose a late charge of 5% plus a default rate interest rate of 14% on each of the seven (7) missing base monthly rent payments.  *Id.* ¶¶ 46–47.  Plaintiff further alleges that defendant breached the lease when it failed to pay the real estate taxes due on the property for April 30, 2024, and that as of June 18, 2024, Onondaga County and the City of Syracuse assessed late penalties for failing to timely pay the city/school taxes.

Plaintiff has submitted copies of the Lease and the Guaranty as a basis for requesting damages.  Ex. 1 to Compl., Dkt. No. 1-1; Ex. 2 to Compl., Dkt. No. 1-1.  Thus, the damages are readily apparent and computable from the Lease and the Complaint.  Accordingly, a judgment will be entered against defendant in the amount of $156, 875.88.

2.  <u>Present Value of Rent that Will Become Due Until End of the Lease</u>

Plaintiff is also seeking a judgment in the amount of $2,082,239.00 representing the present value of the remaining base monthly rent and base annual rental that will become due until the end of the Lease against defendant.  Compl. ¶ 72. Plaintiffs allege that the Lease explicitly provides that upon default, plaintiff may accelerate and recover from lessee the

present value of all rent and other monetary sums scheduled to become due and owing under the lease for the entire scheduled lease term. *Id*. ¶ 62. Plaintiffs further allege that the base annual rental for the Property is $228,213.50, resulting in a base monthly rental of $19,017.79 for the remaining months of 2024. Plaintiffs further allege that the lease expressly provides that the base annual rental will increase by 2% on January 1 of each year. Plaintiffs further allege that per the Lease, the rent amounts must be discounted at a rate designated by the United States Treasuries Department, with a maturity date closest to the remaining Lease term and that upon the commencement of this action, the U.S. Treasury Notes and Bonds with a maturity date of May 15, 2034, were the closest match to the Lease Term's expiration on December 31, 2034, which had a yield rate 4.212%. Thus, the total judgment sought is a total of $2,082,389.00, representing the present value of base monthly rent and base annual rental that will become due until the end of the Lease term, discounted at a rate of 4.212%.

These liquidated damages are permitted under New York law. New York has adopted Article 2A of the Uniform Commercial Code, which "applies to any transaction . . . that creates a lease." *Infinity Transportation MSN 6651, LLC v. Synergy Aerospace Corp.*, 2023 WL 2789516, at *4 (S.D.N.Y. Feb. 24, 2023), *report and recommendation adopted,* 2023 WL 2787994 (S.D.N.Y. Apr. 5, 2023) (citation omitted). Article 2A provides that

liquidated damages are enforceable when they are "an amount or by a formula that is reasonable in light of the then anticipated harm caused by the default." N.Y. U.C.C. § 2A–504(1).  "When evaluating the reasonableness of liquidated damages in a lease agreement, courts have continued to apply common law to determine whether these clauses are enforceable." *Infinity Transportation MSN 6651, LLC*, 2023 WL 2789516, at *4 (citation omitted).

Under New York common law, a "liquidated damages clause is legally enforceable if it is neither unconscionable nor contrary to public policy, . . . could not have been anticipated at the time the parties entered into the lease, and the amount is not plainly or grossly disproportionate to the probable loss. *Infinity Transportation MSN 6651, LLC*, 2023 WL 2789516, at *4 (internal quotations and citations omitted).  Importantly, "[l]iquidated damages provisions must clearly and unambiguously set forth 'the amount of compensation the parties agreed should be paid in order to satisfy any loss or injury flowing from a breach of the parties contract." *Id*. (internal quotation marks omitted).

Here, plaintiff has submitted copies of the Lease and Guaranty as a basis for requesting liquidated damages.  Ex. 1 to Compl.; Ex. 2 to Compl.  Upon review, the Court is satisfied that the Lease clearly and unambiguously set forth the compensation due to plaintiff in the event the lessee defaulted and the amount of liquidated damages reflects the benefit of the bargain plaintiff

would have received if lessee had not defaulted. The Court is further satisfied that the Lease was entered into by two sophisticated and represented parties. Therefore, the Court finds the liquidated damages are neither unreasonable nor contrary to public policy. Accordingly, a judgment will be entered against defendant in the amount of $2,082,239.00.

### C.  **Attorneys' Fees & Costs**

Finally, plaintiff's memorandum of law establishes that the attorneys' fees and costs being sought are recoverable. Plaintiff is seeking $22,645.00 based on 64.7 total hours of work performed by Peter M. Damin, Esq. and Meghan M. Breen, Esq. at an hourly rate of $350.00 in attorneys' fees and $1,573.93 in expenses, costs, and disbursements. Pl.'s Mem. at 27–30.

The Lease explicitly states that plaintiff may recover from lessee "all reasonable costs and expenses, including reasonable attorneys' fees, court costs, expert witness fees, costs of tests and analyses, travel and accommodation expenses, deposition and trial transcripts, copies and other similar costs and fees, paid or incurred by Lessor as a result of such breach, regardless of whether or not legal proceedings are actually commenced[.]" Compl. ¶ 74. Further, the Guaranty states that plaintiff may recover from defendant "such further reasonable and actual amounts as shall be sufficient to cover the cost and expense actually incurred in collecting such sums, or any part thereof, or of otherwise enforcing this Guaranty, including, without

limitation, in any case, reasonable attorneys' fees and disbursements[.]" *Id.* ¶ 75.

Further, plaintiff has also filed accompanying attorney declaration that detail the hours spent and costs incurred bringing this lawsuit. Damin Decl. to Pl.'s Mot. for Default Judgment, Dkt. No. 14-2. Upon review, the Court finds that the amount of time spent by plaintiff's attorneys was reasonable and the requested hourly rate of $350.00 is reasonable. *See N.Y. State Teamsters Conf. Pension & Retirement Fund by Bulgaro*, 2024 WL 4284647, at *7 (N.D.N.Y. Sept. 25, 2024) (finding $350.00 attorney hourly rate and 32.5 hours of attorney work reasonable upon entry of default judgment).

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for a default judgment (Dkt. No. 14) is GRANTED;

2. Plaintiff SHALL RECOVER from defendant as follows:

    (a) $156,875.87 for past due base monthly rent as well as additional rent due and owing to plaintiff;

    (b) $2,161,937.10, constituting the present value of base monthly rent and base annual rental that will become due until the end of the lease term, discounted at the designated U.S. Treasury Rate of 4.212%

(c) $22,645.00, for attorney's fees incurred by plaintiff in enforcing the Lease and Guaranty;

(d) $1,573.93 in expenses, costs, and disbursements related to enforcing the Lease and Guaranty;

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: February 26, 2025
Utica, New York.